# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**DANIEL TODD DAVIDIAN &<br>RONEL DE'NESE DAVIDIAN,**<br><br>Debtors. | Case No. 21-20351-NGH |
| **SHAWNA BALDRICA,**<br><br>Plaintiff,<br><br>v.<br><br>**DANIEL TODD DAVIDIAN,**<br><br>Defendant. | Adv. No. 21-07007-NGH |

## MEMORANDUM OF DECISION

Before the Court is a motion for sanctions (the "Sanctions Motion") filed by Shawna Baldrica ("Plaintiff"). Doc. No. 32. A hearing on the matter was held on October 17, 2022, after which the Court took the issue under advisement. The following constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure and all citations to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

## BACKGROUND

Plaintiff initiated an adversary proceeding against Daniel Davidian ("Defendant") on December 17, 2021.  Doc. No. 1.[2]  On June 10, 2022, Plaintiff filed a motion to compel discovery (the "Discovery Motion").  Doc. No. 23.  At a July 5, 2022, hearing on the matter, the Court granted Plaintiff's Discovery Motion.  Doc. No. 26.

On August 4, 2022, the Court entered an order awarding Plaintiff $1,405 in attorney fees associated with the Discovery Motion.  Doc. No. 31.  The Order did not specify a timeframe for Defendant to pay the fees.  *Id.*  On September 12, 2022, Plaintiff filed the Sanctions Motion, asserting Defendant had not yet paid the awarded fees and seeking "an order from the Court directing [Defendant] to pay the attorney fees by a date to be set by the Court, as well as a further award of attorney fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C)."  Doc. No. 32 at 2.  Defendant objected to the Sanctions Motion.  Doc. No. 36.

## ANALYSIS

**A.    Motion for Sanctions**

   **1.    Application of Civil Rule 37**

Plaintiff seeks an award of attorney fees pursuant to Civil Rule 37(b)(2)(C) for Defendant's failure to pay the fees awarded by the Court on August 4, 2022.  Civil Rule 37 is made applicable to adversary proceedings through Bankruptcy Rule 7037.  Civil Rule 37(b)(2)(A) provides that "if a party . . . fails to obey an order to provide or permit

---

[2] The Court takes judicial notice of the docket in this adversary proceeding in order to establish the timeline and background for the current dispute.  *See* Fed. R. Evid. 201.

MEMORANDUM OF DECISION - 2

discovery . . . the court where the action is pending may issue further just orders." Further, Civil Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust."  Reading the two provisions together, the award of sanctions and reasonable expenses are only appropriate under Civil Rule 37(b)(2) where a party has failed to comply with an order to "provide or permit discovery."

The Ninth Circuit has noted that the requirement for an order to permit or provide discovery under Civil Rule 37(b) should be read broadly enough to encompass all orders relating to discovery.  *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (citing Fed. R. Civ. P. 37(b) Advisory Committee's note to 1970 amendment).[3] However, sanctions under Civil Rule 37(b) are limited by two guiding principles: "'[f]irst, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery.'" *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (quoting *Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707 (1982)).

In order to grant Plaintiff's Sanctions Motion pursuant to Civil Rule 37(b), Defendant must have failed to comply with an order "to permit or provide discovery."

---

[3] The Advisory Committee notes: "[t]he scope of Rule 37(b)(2) is broadened by extending it to include any order 'to provide or permit discovery,' including orders issued under Rules 37(a) and 35. Various rules authorize orders for discovery . . . Rule 37(b)(2) should provide comprehensively for enforcement of all these orders." (internal citations omitted).

MEMORANDUM OF DECISION - 3

The Ninth Circuit questioned the propriety of imposing sanctions under Civil Rule 37(b) where the party's only failure was not paying fees awarded under Civil Rule 37(a)(5) for a prior discovery violation:

> In view of the language of Rule 37 referring to the failure to obey an order "to permit or provide discovery," and the absence of any case construing this to apply to a failure to obey only that part of such an order requiring the payment of money sanctions, it is arguable that Rule 37 does not authorize sanctions in such a case.

*SEC v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir. 1982). In line with that reasoning, a number of courts have held an order requiring the payment of fees is not an order requiring discovery, as required by Civil Rule 37. *See New York v. Gleave*, 189 F.R.D. 263, 266 (W.D.N.Y. 1999); *see also Brady v. S. Elec. Supply Co., Inc. (In re Accra Commc'ns Grp., Inc.)*, 2008 WL 2705101, at *3 (Bankr. N.D. Cal. June 30, 2008) (holding Civil Rule 37 "does not provide a basis for imposing further sanctions against a party for failure to pay discovery sanctions"). Rather, parties must seek relief under a court's § 105(a) powers to hold parties in civil contempt for failing to comply with the court's order and pay the awarded fees. *Accra Commc'ns*, 2008 WL 2705101, at *3–4.[4]

Here, Plaintiff's only allegation is that Defendant has not yet paid the fees ordered by the Court on August 4, 2022. Defendant has not failed to comply with an order to provide or permit discovery. As a failure to pay fees ordered in connection with a previous discovery violation is not a failure to comply with an order to permit or provide

---

[4] In *Accra Communications*, the court also declined to find the party in contempt and award sanctions under § 105(a) because the order requiring the party to pay fees did not specify when the payment was due. 2008 WL 2705101, at *3. Thus, the party had not violated a "specific and definite order of the court." *Id.* (citing *Dyer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003)).

MEMORANDUM OF DECISION - 4

discovery, there is no basis under Civil Rule 37(b) to award Plaintiff the requested sanctions.

Additionally, Plaintiff requests the Court establish a deadline for Defendant to pay the fees awarded by the Court as the original order did not set such a deadline. Doc. No. 32 at 3. Given Defendant's representations at hearing, and in the Court's discretion, the Court will grant Plaintiff's request and set a January 9, 2023 deadline within which Defendant must pay the attorney's fees awarded to Plaintiff for having to file the Discovery Motion.

**CONCLUSION**

Accordingly, Plaintiff's Sanctions Motion will be granted in part and denied in part. The Court will enter an order consistent with this Decision.

DATED: October 19, 2022



_____
NOAH G. HILLEN
U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 5